# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| VICKI MARIE EGLESTON | CIVIL ACTION NO. 04-1310 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LEON ALAN EGLESTON, ET AL. | MAG. JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

On May 5, 2006, the Fifth Circuit Court of Appeals issued a Judgment, affirming in part and reversing in part the grant of summary judgment to Defendant Leon Alan Egleston ("Alan Egleston"). The Fifth Circuit concluded as follows:

> To summarize, we affirm the summary judgment to the extent it rejects the state court's award of $77,900 plus interest. In addition, we affirm the summary judgment to the extent that it rejects the state court award of $65,000 for lost equity in real property and $20,000 for lost equity in an automobile. We reverse the summary judgment to the extent that it rejects the entire state court award of $42,275 in attorneys' fees. The state court's award of attorneys' fees is only void to the extent that it awards attorneys' fees that were incurred in pursuit of dischargeable debt. We reverse the summary judgment to the extent it rejects entirely the award of $10,000 and we remand for a factual determination of the amount of this debt that arose post-petition. We reverse the summary judgment to the extent that it rejects the award of $6,000 [for Vicki Egleston's travel expenses to Louisiana to defend against Alan Egleston's attempt to have the property settlement agreement discharged in bankruptcy].

[Doc. No. 15, pp. 23-24]. Consistent with the Fifth Circuit's mandate,

IT IS ORDERED that the above-referenced matter is REMANDED to the United States Bankruptcy Court for the Western District of Louisiana for the following additional proceedings:

(1) a classification of the state court's award of attorneys' fees to Vicki Egleston by whether those fees were incurred in the determination of Alan Egleston's liability for discharged or undischarged debt;

(2) a classification of the state court's award of $10,000 to Vicki Egleston for lost personal possessions by whether those claims were incurred pre- or post-petition;

(3) a determination whether Vicki Egleston's $6,000 travel expenses should be excepted from discharge in Alan Egleston's second bankruptcy pursuant to 11 U.S.C. § 523(a)(15); and

(4) a determination whether any surviving portions of Vicki Egleston's $10,000 attorneys' fee award should be excepted from discharge in Alan Egleston's second bankruptcy pursuant to 11 U.S.C. § 523(a)(15).

MONROE, LOUISIANA, this 2nd day of June, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE